United States District Court
Middle District of Florida
Jacksonville Division

**RICHARD EDWARD COPPOLA,**

    *Plaintiff,*

v.                                                          **NO. 8:19-CV-569-J-PDB**

**COMMISSIONER OF SOCIAL SECURITY,**

    *Defendant.*

# Order

Richard Edward Coppola brings this action challenging the Commissioner of Social Security's denial of his claim for social-security benefits. Doc. 1. Without opposition, the Commissioner moves to remand under sentence six of 42 U.S.C. § 405(g) for further administrative action. Doc. 13. The Commissioner explains the file is incomplete because one of two of Mr. Coppola's claims was not processed and is pending before the agency. A previously filed motion by the Commissioner for an extension of time is pending. Doc. 10.

Under 42 U.S.C. § 405(g), a court "may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security." After remand, the Commissioner "shall":

> modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

42 U.S.C. § 405(g).

Under a sentence-six remand, "the district court retains jurisdiction and enters judgment after the remand proceedings are completed." *Jackson v. Chater*, 99 F.3d 1086, 1089 (11th Cir. 1996). A procedural defect in the administrative proceedings generally constitutes good cause for remand. *Ferguson v. Soc. Sec. Admin*, No. 14-cv-62923-BLOOM, 2015 WL 13683853, at *1 (S.D. Fla. 2015) (unpublished).

Finding good cause, the Court:

1. **denies** as moot the motion for extension, Doc. 10;

2. **grants** the motion to remand, Doc. 13;

3. **remands** this action to the Commissioner under sentence six of 42 U.S.C. § 405(g) for any necessary administrative action but retains jurisdiction;

4. **directs** the Commissioner to file a motion to reopen the case or other appropriate document when the administrative proceedings conclude; and

5. **directs** the clerk to administratively close the file.

**Ordered** in Jacksonville, Florida, on June 10, 2019.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:  Counsel of record